JOE SALMON, Appellant, v. SCHENECTADY MASON SUPPLY CORPORATION, Respondent.— Appeal from an order of Supreme Court, Schenectady County, entered March 26, 1947, approving the account of a receiver of defendant corporation. The action is to dissolve a corporation on the ground, among others, that there has been a violation of the corporate powers as stated in the certificate of incorporation. The action is one aspect of a long dispute between Joe Salmon, the plaintiff-appellant, who is a stockholder of the corporation, and Frank S. Usher, also a stockholder. Salmon applied for the appointment of a receiver during the pendency of the action. Usher, who is president of the corporation, was appointed by the court. No appeal was taken from this order. The action was tried and resulted in a judgment in March, 1946, of dismissal of the complaint. No effort was made by anyone to terminate the receivership for many months after the complaint had been dismissed, until in November, 1946, the appellant moved to compel the receiver to account. The account was filed on November 15, 1946. It showed, among other things, that the receiver continued throughout the receivership to pay himself the sum of $49.50 a week as salary for his activities for the corporation during the receivership. He made no claim for commissions. Objection was made to this account by the plaintiff-appellant. The court approved the account on the ground, among others, that a corporate resolution had authorized the payment to Usher of the sum of $50 a week which had never been rescinded and that it would be unjust not to allow this pre-existing arrangement to continue. When the receiver accepted appointment, however, he became an officer of the court in the control of the corporation, and he was not allowed to continue a pre-existing arrangement for his compensation in excess of the commissions allowed him by statute. (General Corporation Law, § 192, read in connection with Civ. Prac. Act, § 1547.) The commissions were limited to 2½% of the sums

received and disbursed. The receiver had no power to continue for his own benefit a more favorable private arrangement for compensation, or to make a new arrangement more favorable than the commissions allowed by statute, and the court was without power to approve as part of an account, payments made in pursuance of such arrangement. If this method were approved there would be available to receivers an easy method of avoiding the statutory limitations on their commissions, by merely waiving commissions and making or continuing private arrangements with the subject of the receivership. We think, however, that the Special Term retains power to determine to what extent the receivership should have survived the judgment dismissing the complaint and to make a retroactive order in this respect. Order appealed from reversed, with $10 costs and disbursements, and the proceeding is remitted to the Special Term to fix and determine the commissions of the receiver in accordance herewith. Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ., concur.