■ DOROTHY SIEGEL, Plaintiff, v. BROMANBRO REALTY CORP. et al., Defendants. WEST No. 6 REALTY CORP., as Assignee of BROMANBRO REALTY CORP., Appellant; MAGNUS LIPTON et al., Respondents.— Order, entered on June 9, 1964, unanimously modified, on the law, on the facts, and in the exercise of discretion, to strike the first decretal paragraph providing for the allowance of commissions to the receiver and the allowance of fees to his attorney, and to provide in lieu thereof that the receiver shall be allowed the sum of $115.40 on account of his expenses and disbursements and the attorney for the receiver allowed the sum of $500 for his services; and the order otherwise affirmed, without costs and disbursements. Bearing in mind the nature and extent of the services rendered by the attorney and the size of the fund in the hands of the receiver, the $850 allowance to him was grossly excessive and the sum of $500 should adequately compensate him for his services. The receiver, appointed in an action to foreclose a mortgage, though he was authorized to employ an agent to rent and manage the subject premises, was not entitled to receive a salary or commission for management services in addition to the commissions provided for by CPLR 8004. The statutory commissions represent the maximum amount which may be paid to him for his services. (*Bowery Sav. Bank v. 566 Amsterdam Ave.*, 32 Misc 2d 459.) Here, the amount paid each month by the receiver to himself for management of the premises and collection of rents equalled 5% of the sums received and disbursed, and, therefore, he was not entitled to any additional allowance for commissions. He was entitled, however, to an allowance for $115.40 to reimburse him for reasonable expenses and disbursements actually incurred and paid by him. Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.