CLARA GILMORE, Plaintiff, *v.* DAVE GILMORE, Defendant.

Supreme Court, Special Term, New York County, November 19, 1966.

*Edward Pious* for receiver.   *Berg & Harrison* for plaintiff. *Robert P. Burns* for defendant.

MATTHEW M. LEVY, J.   This is a motion by the receiver of a defendant judgment-debtor to settle the receiver's final account, to fix the commissions to be paid to him, to grant an allowance to his attorney, to discharge the receiver and the surety, and for other relief.   The assets involved are quite minimal: $1,031.51, of which $550 was paid to the plaintiff on account of arrears amounting to $825 and $10 was paid for the premium on the bond herein, leaving a balance on hand of $471.51.

The plaintiff (the former wife and present judgment-creditor of the defendant) appeared in person.   She has interposed no objection to the account or to appropriate commissions for the receiver (who asked for $100).   But she does oppose an allowance to the attorney for the receiver (the counsel fee requested was $200).   Notice of the application was not served upon the defendant, as required by statute (CPLR 6404), but he has since appeared by attorney, waived service of the motion papers and consents to the judicial settlement of the account.

The plaintiff, not being versed in the law, has based her objections to the grant of fees to the receiver's attorney upon the ground that such an allowance will make inroads upon any sum she would be entitled to receive on account of the judgment in her favor, and the payment of which the receivership of the defendant's meagre collected assets was intended to assure. While the stated reason for her objection could and should not be completely effective, the existing state of the law itself has come forward to rescue her plea — presented orally to the court.

The statute explicitly forbids a receiver to engage counsel without express permission of the court (CPLR 6401, subd. [b]). An examination of the files discloses that no such authorization was obtained, and the absence of such an order was confirmed by the counsel.   As a consequence, no allowance may be granted to the attorney out of the fund on hand; and he must, if so advised. look to the receiver personally for compensation.

In this case, commissions to the receiver, as ordinarily computed, would amount to but $51.58. I am, however, empowered by statute to grant such allowance to the receiver, not exceeding $100, as shall be commensurate with the services he rendered (CPLR 8004, subd. [a]). Keeping in mind that some, if not all, of the substantive services rendered by the attorney were within the ambit of the receiver's duties and functions (as distinguished from the professional legal services necessarily rendered by an attorney) I shall grant the receiver commissions in the sum of $100 — the more readily perhaps to be enabled to compensate his *de facto* attorney.

The sum of $275 is to be paid over to the plaintiff, and thus becomes a payment *pro tanto* on the judgment obtained against her former husband, and the balance of $96.51, representing the surplus in the receiver's hands, is to be paid to the defendant.