Memorandum. The owner of residential real property appeals from an order of the court below granting the Administrator, appointed under article 7-A of the Real Property Actions and Proceedings Law, a fee of $5,200 upon the final settlement of the account. The Administrator cross-appealed to the extent that the fee was inadequate. The Administrator handled a gross amount of approximately $65,000 in the sixteen-month period in question including the sum of $13,000 (the proceeds of an insurance policy) which was turned over to the city to help satisfy past obligations of the owner.
We feel that the fee guideline should be 5% of the gross amount handled by the Administrator since this is slightly higher than the fee for management services of a real estate broker with regard to residential property (Cole v. Westlong Inv. Corp., *857 65 Misc 2d 114). It is also noted that the commissions of a receiver in a foreclosure action are 5% of the sums received and disbursed by him. (See, also, CPLR 8004.)
Moreover, we envision no legal justification for allowing the administrator counsel fees. Although there is no law directly in point, we are guided by the applicable provision in the CPLR in regard to a receiver in a foreclosure action. CPLR 6401 (subd. [b]), entitled “ Powers of temporary receiver ”, states: “ The court appointing a receiver may authorize him to take and hold real and personal property, and sue for, collect and sell debts or claims, upon such conditions and for such purposes as the court shall direct. A receiver shall have no power to employ counsel unless expressly so authorized by order of the court.”
In the case at bar, the Administrator, who is an attorney, made no application to employ counsel and there appears to be no reason to divert the rent moneys collected for that purpose.
Order modified to the extent of reducing the Administrator’s fee from $5,200 to $3,250 and deleting the provision providing for extraordinary counsel fee in the amount of $850; as so modified, order affirmed, without costs.
Groat, P. J., and Margett, J., concur; Schwartzwald, J., taking no part.