■ LEWIS LUBITZ et al., Individually and as Limited Partners of Heather Associates, on Behalf of Themselves and All Others Similarly Situated and in the Right of Heather Associates, Respondents, v GEORGE MEHLMAN, Individually and as General Partner of Heather Associates, et al., Appellants, et al., Defendants. HARRY GROSSMAN, as Temporary Receiver, Respondent. — Order, Supreme Court, New York County (John C. Leonforte, J.), entered November 15, 1982, granting the application of the temporary receiver of Heather Associates (Heather) for an interim allowance for himself as receiver and for the attorneys and accountants for the temporary receiver, modified, on the law, to reduce the receiver's allowance to $48,598.61, and otherwise affirmed, without costs. In 1971, Heather, a limited partnership, acquired five leasehold interests in real property located in Queens County from the Fischer Group of corporations. Approximately four years after the closing, in December, 1975, Heather sold the leaseholds for $25,900,000, of which $900,000 was in cash at the closing and the remainder in the form of a note secured by a wraparound mortgage. After the closing, it appeared that defendant Mehlman, one of the three limited partners of Heather who also controlled Harvel Development Corp. (the general partner of Heather), had utilized the $900,000 to secure certain personal obligations. In this action brought by the partnership against Mehlman, the court appointed the temporary receiver and the attorneys for the plaintiffs, as attorneys for the receiver. After a thorough investigation the receiver discovered that Mehlman had deposited certificates of deposit representing the $900,000 with two banks as security for personal loans made by him. The receiver caused actions to be instituted against the banks. In the meantime, Heather defaulted on its obligations to the Fischer Group. Fischer commenced an action against Heather asserting a default in excess of $5 million. Based on this, negotiations were undertaken between the receiver and the Fischer Group. It was agreed that the parties would co-operate and divide the recovery. Any court-approved allowance to the temporary receiver for his fee, up to $50,000, was to be paid from the sums recovered. The balance was to be divided, 70% to the Fischer Group and 30% to Heather. Fischer agreed that it would "not seek to enforce against any payments received * * * by or on

behalf of Heather, its continuing claim against Heather." The actions proceeded. A series of hearings was held before special referees. Ultimately the claims against the banks were settled for the total sum of $952,912, out of which, as agreed, $632,038 was payable and paid to Fischer, leaving $320,874 for Heather. Appellant Mehlman agreed to the settlement and this distribution, but opposed only the allowance of $50,000 for the receiver, $119,100 to the attorneys and $19,800 to the accountants, for a total of $188,900. Noting that this is almost 59% of the $320,874 payable to Heather, leaving a net of $131,974 for Heather, the dissent suggests that the allowances are excessive, based on the cash received by Heather. Overlooked is the fact that the $952,912.86 recovered from the banks was applied to reduce Heather's obligation to the Fischer Group so that in fact the recovery on behalf of Heather is the total amount, not the net cash received by it. The receiver also collected, on behalf of Heather, an additional $19,059.46 for a total of $971,972.32. As the dissent notes, CPLR 8004 (subd [a]) limits the receiver's commissions to 5% "upon the sums received and disbursed by him". Five per cent of $971,972.32 is slightly less than the $50,000 allowed to the receiver. Although the notice of appeal by Mehlman, the architect of Heather's problems, is only from that part of the order which awards the receiver's fees, his brief deals also with the fees to the attorneys and accountants, and we have also considered those items. It is notable that only Mehlman objects to the allowances. We recognize that the agreement of the Fischer Group and Heather is not binding on the court with respect to fees allowed to a receiver and his counsel (*Salmon v Schenectady Mason Supply Corp.,* 278 App Div 609). However, it stands undisputed that the receiver, his attorneys and accountants were, during a period of six years, engaged in investigating the claims, court appearances, conferences and hearings. There is no challenge as to the time spent by counsel and the accountants. In our view the amounts awarded were not excessive. Concur — Sandler, J. P., Carro and Fein, JJ.

Silverman, J., dissents in a memorandum as follows: I think the allowances here to the receiver, his counsel and accountants, were excessive in relation to the amounts involved and recovered. The receiver was the receiver of the assets of Heather Associates. The gross recovery was $952,912, of which $632,038 was payable and paid to the Fischer Group (not part of Heather Associates) leaving only $320,874 for the receiver, his attorneys and accountants, and Heather Associates. Out of this $320,874 the receiver has been awarded an interim allowance of $50,000, his attorneys $119,100 and his accountants $19,800, for a total of $188,900, or almost 59% of the $320,874, leaving a net for Heather Associates of $131,974. CPLR 8004 (subd [a]) limits the receiver's commission to 5% "upon the sums received and disbursed by him". Five per cent of $320,874 is $16,043. In relation to the amounts involved, and particularly the amount realized by Heather Associates, I think the allowances were excessive.