■ MOE HIRSCH et al., Appellants, v PEEKSKILL RANCH, INC., et al., Defendants and WEKSTEIN & FULFREE, Respondent. — In an action to foreclose a mortgage, plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), dated July 21, 1983, which fixed the receiver's commission at $2,000. ¶ Order reversed, with costs, and matter remitted to Special Term for further proceedings consistent herewith. ¶ A receiver is entitled to commissions not exceeding 5% of the sums received and disbursed by him (CPLR 8004, subd [a]). This 5% statutory commission is the maximum amount payable to a receiver (*Caso v 323 Edgecombe Realty Corp.*, 25 AD2d 637; *Siegel v Bromanbro Realty Corp.*, 23 AD2d 634; *City of New York v Big Six Towers*, 59 Misc 2d 839; 8 Weinstein-Korn-Miller, NY Civ Prac, par 8004.01). ¶ However, in addition to the statutory commission, a receiver is entitled to be reimbursed for expenditures made by him which are necessary to preserve the receivership property and which are authorized by the order appointing him (*City of New York v Big Six Towers, supra; Beirne v Habel*, 20 AD2d 891; 8 Weinstein-Korn-Miller, NY Civ Prac, par 8004.04). ¶ Because the commission fixed by Special Term exceeded that permitted by the statute (CPLR 8004, subd [a]), the order appealed from must be reversed, and the matter remitted to Special Term for a new determination in accordance with the foregoing principles. The receiver should be given an opportunity to present any claims for necessary expenditures for which he is entitled to reimbursement. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.

■ HOULIHAN PARNES REALTORS, Respondent, v LAZAR GAZIVODA, Appellant. — In an action to recover damages for breach of a brokerage agreement, defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered March 25, 1983, which, after a jury trial, was in favor of plaintiff in the sum of $115,967.75 and (2) an order of the same court, dated April 12, 1983, which, *inter alia,* denied defendant's motion to set aside the jury verdict. ¶ Judgment reversed, on the law, without costs or disbursements, and complaint dismissed. ¶ Appeal from the order dismissed, without costs or disbursements, in light of our determination on the appeal from the judgment. ¶ Plaintiff broker failed to establish (1) that defendant seller agreed to employ plaintiff on a commission basis and (2) that plaintiff had procured a ready, willing and able purchaser at a price and on terms agreeable to defendant. In these circumstances, plaintiff is not entitled to recover a commission (*Hecht v Meller,* 23 NY2d 301; *Lane — Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36). O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.