■ In the Matter of ALBERT SCHWARTZBERG et al., Doing Business as KINGS HARBOR CARE CENTER, et al., Respondents, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Appellant, and INSTLCORP, INC., Intervenor-Respondent.—Yesawich, Jr., J. Appeal, by permission, from an order of the Supreme Court at Special Term (Doran, J.), entered August 2, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's application for an order directing petitioners to provide respondent with funds required to effect structural repairs and renovations to buildings subject to respondent's supervision.

Respondent, the State Commissioner of Health, is the court-appointed receiver of Kings Harbor Care Center and Kings Harbor Manor Facility, two residential health care facilities located in Bronx County. By order to show cause, respondent sought to have petitioners, the former operators of the two facilities, pay $2,000,000 for structural repairs proposed to one of the facilities' principal buildings making up the complex. Alternatively, respondent requested authority to close part of the Kings Harbor Manor Facility, a structure containing 240 health-related facility beds.

Included in the moving papers are an engineer's report and affidavits by the Department of Health's supervisor of Medicaid reimbursement rates and by the chief executive officer of the receivership, also a Department employee. They attest, respectively, to the noncoverage of Medicaid for the structural repairs and to the lack of receivership funds to finance the needed improvements. The engineer's report states that the "magnitude of the overstress [on the floors of the Kings Harbor Manor Facility] is quite serious" and violates the New York City Building Code. The report notes, however, that: "[i]t is fortunate that with the occupancy of the building this live load [giving rise to the overstress] does not in fact materialize under normal conditions of use". In response, petitioners' attorney affirmed that his clients were not legally obligated to defray the costs of the improvements and questioned the sufficiency of respondent's proof. Special Term denied the motion in toto without a hearing; respondent appeals.

Although respondent baldly asserts financial inability to provide for the structural and related architectural repairs desired, significantly, no evidence is presented as to the status

of the receivership's assets. Moreover, in what appears from this record to be a blatant disregard of a prior court order, respondent, admittedly, had not filed with the court its monthly "Statement of Profit" for the nine months preceding issuance of the order to show cause. As for the claimed urgency of the problem, it is noteworthy that the engineer's report suggests the contrary, as does the affidavit of the receivership's chief executive officer, which acknowledges that "there is no imminent danger".

Other than to assess the adequacy of the proof in the moving papers, we pass on no other issue.

Order affirmed, without costs, and without prejudice to renewal of the motion. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.