■ In the Matter of ALAN KANE, Petitioner. HAROLD FREEDMAN et al., Appellants; IRVING TENENBAUM, Respondent.—In a proceeding pursuant to Business Corporation Law article 11 for judicial dissolution of S.A.E. Motor Parts Co., Inc. (hereinafter S.A.E.), S.A.E. and Harold Freedman appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated February 13, 1986, which denied that branch of their motion which was to vacate a prior order of the same court, dated August 22, 1984, terminating the receivership of S.A.E., and which failed to rule upon that branch of their motion which was for leave to commence an action against the receiver for the repayment of excessive commissions, and to recover damages, inter alia, for the breach of fiduciary duty and conversion.

Ordered that the order is reversed, on the law, with costs to the appellants payable by the receiver, the appellants' motion

is granted to the extent that the order dated August 22, 1984, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for an accounting and a calculation of statutorily fixed receivership commissions, and, upon the conclusion of the accounting, a determination on that branch of the motion which was for leave to commence an action against the receiver.

Despite a stipulation of the parties, the court was without the authority to allow the receiver compensation in excess of the maximum receivership commission provided for by Business Corporation Law § 1217 (see, Hirsch v Peekskill Ranch, 100 AD2d 863; Rinaud v Home Shares Corp., 115 NYS2d 425). The Legislature has seen fit to set ceilings on the amounts that receivers, as court-appointed officers, may be awarded for their services and it is not within the province of parties to stipulate, nor within the discretion of the court to accept stipulations to a greater amount.

Therefore, we remit the matter to the Supreme Court, Nassau County, for further proceedings, including an accounting and, upon the conclusion of the accounting, a determination on that branch of the motion which was for leave to commence an action against the receiver. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.