■ In the Matter of JOSEPH T. CORCORAN, Appellant, v JOSEPH M. CORCORAN, INC., et al., Respondents.—In a proceeding, inter alia, to settle the final account of the receiver of a dissolved corporation, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered September 16, 1986, which, inter alia, (1) imposed a surcharge upon the receiver in the amount of $6,715.33 for improper payroll disbursements, (2) directed the Aetna Insurance Company to pay the surcharge in the event the petitioner fails to pay it within 60 days from service upon him of a copy of the judgment, (3) disallowed counsel fees, (4) disallowed certain accountants' fees, and (5) declined to award the receiver statutory commissions and additional compensation.

Ordered that the judgment is modified, on the law and the

facts, by (1) deleting the third decretal paragraph thereof denying that portion of the receiver's final account which sought counsel fees, and (2) deleting so much of the fourth decretal paragraph thereof as denied that portion of the receiver's final account which sought accountants' fees for services rendered on September 28, October 23, November 2, November 7, November 9, November 10, and November 12, 1984; as so modified, the judgment is affirmed, with costs to the petitioner, and the matter is remitted to the Supreme Court, Suffolk County, for a determination as to any additional amounts to be awarded as counsel fees and as accountants' fees, if any, out of the assets of the respondent, Joseph M. Corcoran, Inc., upon the petitioner's renewed applications for those fees; and it is further,

Ordered that the petitioner's time to renew his application for counsel fees and accountants' fees is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

Joseph T. Corcoran and John A. Corcoran were each 50% shareholders in Joseph M. Corcoran, Inc. In an arbitration proceeding, the petitioner Joseph T. Corcoran sought and was awarded dissolution of the corporation pursuant to Business Corporation Law § 1104 (a). By order of the Supreme Court dated April 26, 1984, the arbitration decision was confirmed and the petitioner appointed permanent receiver of Joseph M. Corcoran, Inc. The petitioner qualified as receiver on or about May 10, 1984, by filing an oath and undertaking. However, the respondent, John A. Corcoran, remained in possession until approximately May 30, 1984, having procured a stay of the judgment appointing the petitioner receiver. The stay was vacated on June 1, 1984, whereupon the petitioner took possession of the corporation's premises. Thereafter, on July 17, 1984, the petitioner obtained a court order authorizing the employment of counsel and an accounting firm in connection with the performance of his duties as receiver.

By order to show cause dated August 22, 1984, John A. Corcoran moved to have the petitioner removed as receiver. By order dated September 25, 1984, the petitioner was removed as receiver, and directed to render a final account, upon a finding that he had breached his fiduciary duty by (1) using the corporate telephone to make personal phone calls, and (2) repairing a tabletop for a fee of $50 in contravention of the proscription of Business Corporation Law § 1005 against carrying on new business after dissolution.

The petitioner moved by notice of motion dated November 16, 1984, for an order settling his account, fixing compensation and commissions, approving payment of accountant and counsel fees, and discharging the petitioner's surety on his undertaking. The petitioner's final account indicated that he collected $62,486.29 during the receivership and that interest was earned in the amount of $251.63 on the corporation's money market account. The amount expended was $32,371.97, leaving a balance of $30,365.95. John A. Corcoran cross-moved for an award of damages against the petitioner on the ground that he had improperly discharged his duties as receiver, and requested that the motion settling the accounts of the receiver be denied.

We find that the Supreme Court properly settled the final account with the exception of the disallowance of counsel fees and accountants' fees. The statute governing the fees and commissions of a receiver appointed under the Business Corporation Law provides that, in addition to his commissions, the receiver is entitled to his "necessary expenses" (Business Corporation Law § 1217). In its decision, the Supreme Court disallowed counsel fees in their entirety on the basis that a receiver who grossly mismanages his trust is not entitled to such fees (see, Title Guar. & Trust Co. v Adlake Corp., 161 Misc 27). However, the record does not support a finding of gross mismanagement of the instant receivership. The Supreme Court erroneously found that the petitioner's failure to keep certain written records required under CPLR 6404, a provision governing the duties of temporary receivers, constituted gross mismanagement. That provision is inapplicable to the petitioner who was a permanent receiver appointed under the Business Corporation Law. The Business Corporation Law specifically provides that the duty of a permanent receiver upon appointment consists of keeping "true books of account of all moneys received and expended by him as receiver" (Business Corporation Law § 1207 [a] [3]). The petitioner fully complied with that duty by keeping a detailed schedule setting forth all income received, the date of receipt, and the source of the income received as either an account receivable or a sale of material on hand. The petitioner also submitted a separate schedule setting forth the amounts expended by him and the purpose of each expenditure.

Nor does the fact that the petitioner hired his wife as a secretary to assist in the winding down constitute gross mismanagement. To the extent that the services of the wife were found to be unnecessary, the appropriate remedy was to

disallow compensation for the wife out of the funds on hand *(Griffo v Swartz,* 61 Misc 2d 504).

Finally, there is no evidence to support the finding that the petitioner unnecessarily delayed the winding down of the corporation by neglecting to perform a major contract. The contract involved the installation of marble and granite in a building. When the petitioner assumed his position as receiver, he learned that the materials necessary to complete the contract according to specification were not available in this country but would have to be ordered from Italy. The contractor directed the petitioner to order substitute materials which could be found in this country in order to expedite performance of the contract. The petitioner obtained the substitute materials, made a sample from those materials and secured approval of the architect. The petitioner properly refused to perform unless a release was issued indemnifying the dissolved corporation from claims based upon its failure to complete the contract according to specification.

Although the petitioner conceded that an employee repaired a tabletop without his knowledge and that he made personal telephone calls on the corporate telephone, these acts do not rise to the level of gross mismanagement *(see, Title Guar. & Trust Co. v Adlake Corp., supra; see, Slack v McActee,* 175 Misc 393). Accordingly, an allowance for counsel fees was not barred as a matter of law.

The Supreme Court properly noted that the attorney's affidavit of services rendered was deficient for not detailing the time expended on each of the legal services rendered. The petitioner is granted leave to resubmit a proper and sufficient affidavit of services rendered from his counsel *(see, Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593).

In addition, fees for accounting services rendered subsequent to the petitioner's removal as receiver are not barred as a matter of law. An accountant should be directed to look to the receiver personally for compensation only where he acts without court authorization *(Gilmore v Gilmore,* 52 Misc 2d 257). Here, the accountants were appointed pursuant to court order, which order is controlling regarding the scope of the accountants' authority. On the record before us, it is not clear that the accountants herein were acting without authority on those dates subsequent to the removal of the petitioner as receiver but prior to the submission of the final account. The petitioner, therefore, is granted leave to renew his application for accountants' fees upon submission of a proper affidavit indicating the nature of the services performed on each of the

additional dates. The services of the accountants which exceeded the scope of the order of appointment or did not directly benefit the corporation, shall be the obligation of the petitioner *(see, Gilmore v Gilmore, supra)*. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.