OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs only to the City of New York against defendant-respondent Cohen, and judgment should be granted declaring that defendant City is entitled to payment of the proceeds of the insurance policy and that defendant Cohen is not entitled to recovery.
Plaintiff issued a fire insurance policy to defendant Cohen as court-appointed receiver of Bronx premises subject to a foreclosure proceeding. A fire loss occurred in 1984 and plaintiff paid the $20,400 proceeds of the policy to the City of New York, since the City had a real estate tax lien on the property in the sum of $58,395.02. The payment was made pursuant to Administrative Code of the City of New York § 11-2801 (3) (replacing § C17-3), providing in pertinent part: "Prior to the payment of any proceeds of a policy of insurance for damages caused by fire to real property, which policy insures the interest of an owner and is issued on real property located within the city, and following notification to the commissioner by an insurer of the filing of a claim for payment of such proceeds, the commissioner shall claim, by serving a certificate of lien, against such proceeds to the extent of any lien (including interest and penalties to the date of the claim) thereon, which claim when made and perfected in the manner provided for in section twenty-two of the general municipal law and section three hundred thirty-one of the insurance law, shall constitute a special lien against such proceeds and shall, as to such proceeds, be prior to all other liens and claims except the claim of a mortgagee of record named in such policy. Notice of the service of the certificate of the special lien shall be given to the insured by certified mail” (emphasis added).
Supreme Court and the Appellate Division, holding that the policy in favor of the receiver did not "insure the interest of the owner”, declared in this interpleader action that the receiver was thus personally entitled to the fire insurance proceeds and that the insurer was entitled to a return from *985 the City of the "erroneously” paid proceeds so they could be paid over to the receiver.
The receiver of this property, appointed by a court in 1980, has fiduciary responsibilities which embrace, among many, standing in the stead of the financially defaulting owner of property. To this extent, and we need decide no more, the receiver, for these fire insurance purposes under the particular statute, also stands in the same relationship to the tax lienor municipality as the owner does.
The ordinary reading and construction of the pertinent Administrative Code provision plainly warrants our treating this policy, secured by the receiver, as one which insures the interest of an owner at least for purposes of satisfaction of this prioritized municipal tax lien. Arguments to the contrary require more strained construction since they would require the proceeds, possibly diminished or lost entirely, to pass through the receiver’s hands first. The protection for direct, accelerated and nondiscounted payment of the proceeds is, equally with arson fraud prevention, what this statute was designed to accomplish based on the letter and history of the authorizing provision, General Municipal Law §22 (3) (see, Letter from Assemblyman Koppell to Governor, July 28, 1977, and Mem of Secretary of State to Counsel to Governor, July 25, 1977, both in Bill Jacket, L 1977, ch 738).
Nothing inherent in the role of the receiver is contrary to or undermined by this sensible construction and result. Indeed, a separate subdivision, Administrative Code § 11-2801 (6) (replacing § C17-6) authorizes an owner — here, the receiver— to request and recoup the fire insurance proceeds from the City if used to restore the property.