■ In the Matter of CONGREGATION AHAVATH ISRAEL OF WASHINGTON HEIGHTS, Respondent. ALVIN H. HELLER, Respondent; EDWARD I. BYER, Appellant.—Order of the Supreme Court, New York County (John A. K. Bradley, J.), entered on or about September 29, 1988, which, *inter alia,* granted the application of Alvin H. Heller for counsel fees in the sum of $8,000, is unanimously modified on the law to the extent of vacating the award for counsel fees, holding the application in abeyance pending a hearing to ascertain the amount of reasonable attorney's fees and remanding the matter for the purpose of determining and fixing such attorney's fees, and otherwise affirmed, without costs or disbursements.

Congregation Ahavath Israel of Washington Heights in Manhattan petitioned the Supreme Court for leave to sell its real property as required by Religious Corporations Law § 12, since it was no longer able to function, having experienced a sharp decline in its membership. A judgment was thereafter rendered authorizing the sale and designating Edward I. Byer and Walter W. Peine as escrowees. Alvin H. Heller, respondent herein, is now seeking $8,000 legal fees for services rendered. In that regard, Heller claims that he was retained in August of 1985 in connection with the sale of the congregation's real property at which time he was presented with an executed contract with a proposed purchaser, that such contract was conditional upon the approval of a majority of a quorum of the congregation's members and that such approval was subsequently withheld and, consequently, an action for specific performance was commenced in the Supreme Court. According to Heller, he prepared an answer and demand for a bill of particulars in such lawsuit, and the litigation was eventually settled and discontinued. He then purportedly drafted the contract for a sale of the property to another party, which agreement was accepted by both the membership and the court. Heller, moreover, asserts that he drew up the petition to the Supreme Court for permission to sell the synogogue's property and that after the sale was allowed to proceed, the closing took place.

However, Edward I. Byer, one of the remaining members of the congregation and an escrowee, challenges Heller's factual allegations, asserting that he, not Heller, performed most of the legal work in the various litigation involved herein and partly with respect to the contract of sale which resulted in the closing of title. It is Byer's contention that his arrangement with Heller limited the latter's services only to typing the legal papers prepared by Byer and also to serving and filing the court papers. Although Byer is an attorney, he does not have a law office and is not engaged in the general practice of law and, therefore, he urges, in order to save the congregation money, he was willing to perform much of the legal work without compensation but needed someone who could serve and file papers.

In approving the application, the court determined that the amount of the fee demanded by Heller was "fair and reasonable in the circumstances of the case. It appears there was an aborted sales contract, a litigation (ultimately settled) and protracted negotiations concerning the sale ultimately approved". While we agree with the court's conclusion that

Heller was not obliged to institute a plenary action to collect his fee, this does not mean that no hearing was necessary to examine the disputed questions of fact concerning the extent of legal work actually performed by Heller. Since Byer submitted an affidavit stating that he was the one who prepared most of the papers and did much of the work claimed by Heller, it was error for the court to decide the reasonableness of the fees sought by Heller simply on the basis of papers and without conducting a hearing to resolve the conflicting allegations of Heller and Byer.

As for the issue of whether a plenary action is the appropriate method of obtaining payment in a proceeding such as the instant one, it should be noted that the holding of a hearing herein will serve the same function as would a trial in a plenary action in protecting the adverse party's interests. Moreover, while it is true that the Religious Corporations Law does not contain an express provision for the award of counsel fees, it does specifically establish court oversight over the sale, mortgage and lease of the real property of religious corporations. The fixing of reasonable attorneys' fees is certainly an integral component of a court's inherent supervisory powers. Thus, interim allowances for counsel fees have been directed where the court-ordered receiver was not a lawyer notwithstanding the absence of specific statutory authorization for such legal fees (see, Lubitz v Mehlman, 95 AD2d 690). Similarly, the statute relating to the court appointment of an administrator to receive and manage rent moneys and security deposits under RPAPL article 7-A (RPAPL 778) makes no reference to counsel fees, yet courts appear to have accepted their inherent right to approve the payment of legal services rendered to such an administrator who is not him/herself an attorney (see, Pack v Loremady Realty Corp., 77 Misc 2d 856; Cole v Westlong Investors Corp., 65 Misc 2d 114). Consequently, we believe that a court which possesses statutorily mandated oversight over the sale, mortgage and lease of the real property of a religious corporation may properly utilize its authority to set counsel fees but must hold a hearing regarding the reasonableness of the amount being sought whenever there is a genuine factual dispute about this question. Concur—Carro, J. P., Milonas, Rosenberger and Wallach, JJ.