■ In the Matter of ALBERT SCHWARTZBERG et al., Doing Business as KINGS HARBOR CARE CENTER, et al., Respondents, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Appellant, et al., Respondent. INSTLCORP, INC., et al., Intervenors. (And Another Related Proceeding.)—Mercure, J. Appeal, by permission, from an order of the Supreme Court (Doran, J.), entered November 24, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* denied respondent Commissioner

of Health's application to require petitioners to provide him, as receiver, with funds to repair the Kings Harbor Manor Facility or, in the alternative, for authorization to close the facility.

Respondent Commissioner of Health (hereinafter the Commissioner) is the court-appointed receiver of Kings Harbor Care Center, a 360-bed skilled nursing facility, and Kings Harbor Manor Facility, a 360-bed health-related facility, both located in Bronx County. The Commissioner has been operating the facilities since February 14, 1979 when petitioners' operating licenses were revoked. In 1985, the Commissioner sought to have petitioners provide funds for structural repairs to the Manor building, a structure containing 240 health-related facility beds or, in the alternative, for authorization to close the Manor building and transfer the patients to another facility. Supreme Court denied the motion and this court affirmed without prejudice to renewal since the Commissioner had failed to support the application with adequate evidence of his inability to pay for the repairs (118 AD2d 924).

The Commissioner renewed the motion and evidence was presented at a hearing. Supreme Court found the cost of repairs to be $520,000, based upon an agreement between the Commissioner and a contractor reached after the conclusion of the hearing, that there was no proof of petitioners' responsibility for the repairs and that termination of the facility was not warranted. The branch of the motion forming the basis for this appeal* was denied in its entirety and the Commissioner was directed to apply for a loan from the receivership loan fund and to vigorously pursue Medicaid reimbursement for capital cost improvements. The Commissioner obtained permission to appeal from a Justice of this court; we affirm.

Preliminarily, we reject petitioners' contention that the appeal should be dismissed as moot since the Commissioner, in his brief, concedes that the repairs have been made. Here, the Commissioner sought an order compelling petitioners to fund the repairs or for approval to close the facility. That the repairs have been made has not mooted the central issue of who is responsible for payment. Clearly, "the rights of the parties will be directly affected by the determination of the

---

* Supreme Court also held in a related proceeding that the State Commissioner of Social Services was permanently enjoined from imposing intermediate sanctions due to noncompliance with safety codes. It is conceded that the issue of intermediate sanctions is moot since the repairs have been made.

appeal" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714) because the Commissioner has not obtained the relief that he sought and is still aggrieved *(cf., Matter of Gonzalez v Jones,* 115 AD2d 849).

Turning to the merits, it is our view that the Commissioner's assertion of financial inability to provide for the structural repairs finds little support in the record. Notably, the repairs have been completed. Moreover, the director of fiscal affairs at Kings Harbor Care Center testified that at the time of the hearing, the Commissioner, as receiver, had $862,000 on hand and the facilities were operating with a cash profit of $10,000 each week. Further, the record demonstrates that the Commissioner has continued to disregard Supreme Court's order to file with the court its monthly "Statement of Profit". Under these circumstances and in view of the extended period of time the Commissioner has continued to operate the facilities, we conclude that Supreme Court properly denied the Commissioner's application for an order requiring petitioners to pay for the repairs. Instead, equitable considerations require that the Commissioner pay for the repairs as a cost incurred in the performance of the functions of receiver *(see, Stokes v Hoffman House,* 167 NY 554, 560-564; *see also, Insurance Co. v City of New York,* 71 NY2d 983).

As a final matter, in view of the controverted proof regarding Medicaid reimbursement, we cannot say that Supreme Court abused its discretion in directing the Commissioner to seek Medicaid reimbursement and a loan from the receivership loan fund. We have considered the Commissioner's remaining arguments and find them meritless.

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.