■ In the Matter of JOSEPH T. CORCORAN, Appellant-Respondent, v JOSEPH M. CORCORAN, INC., et al., Respondents. ANNETTE GERBASI, as Executrix of SALVATORE R. GERBASI, Deceased, Nonparty Respondent-Appellant.—In a proceeding to settle an account of a receiver, the petitioner appeals from stated portions of an order of the Supreme Court, Suffolk County (DiNoto, J.), dated May 18, 1988, which, inter alia, (1) adopted the receiver's statement of cash received and disbursed, (2) awarded the receiver an allowance for the services of his attorney, accountant, and a professional auctioneer, and (3) failed to hold that the receiver waived his claim to commissions on $8,245 representing a refund of money he had deposited with a title company, and the executrix of the receiver's estate cross-appeals from stated portions of the same order, which, inter alia, (1) determined that he was appointed pursuant to the Business Corporation Law and that his commission was to be calculated pursuant to the Business Corporation Law, (2) determined that he was not entitled to compensation in excess of his commissions, and (3) determined that he was not entitled to commissions on the funds contained in a certain bank account.

Ordered that the order is modified, by adding a provision thereto that the receiver waived any claim to commissions on the sum of $8,245, representing the refund of a sum which

was deposited in escrow with New York Life Title Insurance Company, until clearance of certain obligations to the Industrial Commissioner of the State of New York; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The receiver waived his right to a commission on the amount received which was a refund of a sum placed in an escrow account during the sale of the corporation's real property.

It is premature for the petitioner to complain about the amount of total gross receipts with which the receiver should be credited, because the Supreme Court has not yet determined the amount of his commission *(see,* CPLR 5501).

The Supreme Court properly held that the receiver was appointed pursuant to the Business Corporation Law rather than the CPLR *(see, Matter of Corcoran v Joseph M. Corcoran, Inc.,* 135 AD2d 531). Thus, his commission should be calculated in accordance with Business Corporation Law § 1217. The claim for compensation in excess of the commission calculated under the provisions of that section is rejected *(see, Matter of Kane,* 132 AD2d 610, 611; *see also, Amusement Distribs. v Oz Forum,* 113 AD2d 855, 857; *Hirsch v Peekskill Ranch,* 100 AD2d 863). Reliance on *Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp.* (47 Misc 2d 940) is misplaced. The additional compensation awarded in that case reimbursed the receiver for the extraordinary legal services he had performed in addition to his normal duties. In the instant case, the receiver did not perform extraordinary legal services. In fact, the Supreme Court permitted him to retain an attorney and directed the payment of his attorney's fees.

We have considered the parties' remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.