■ In the Matter of ALBERT SCHWARTZBERG et al., Doing Business as KINGS HARBOR CARE CENTER, et al., Respondents, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Appellant, et al., Respondent, and INSTLCORP, INC., et al., Intervenors-Respondents.— Yesawich, Jr., J. Appeal, by permission, from that part of an order of the Supreme Court (Doran, J.), entered October 7, 1988 in Albany County, which denied respondent Commissioner of Health's motion to modify a prior order establishing a monthly rental for petitioners' facilities.

Petitioners are former licensed operators of health facilities of which respondent Commissioner of Health was appointed receiver pursuant to Public Health Law § 2810 (2) (a). In its March 16, 1979 order, Supreme Court enjoined the Commissioner to honor lease agreements theretofore entered into by petitioners to the extent of directing them to pay intervenor Instlcorp, Inc., the assignee of rents due under these leases, the sum of $117,000 per month for the duration of the receiver's appointment. This order was apparently predicated upon Public Health Law § 2810 (2) (c) which then, as now, provides without qualification that the receiver "shall honor all existing leases" previously undertaken by facility operators.

In 1986, petitioners and the Department of Social Services entered into a stipulation wherein it was agreed that for purposes of determining the facilities' Medicaid reimbursement, the leasing arrangements for the subject premises would be considered not to be at arm's length. Thereafter, the Commissioner moved for, inter alia, an order modifying Supreme Court's March 16, 1979 order to establish a new monthly rental for the facilities retroactive to January 1, 1987; the rental payments sought to be established are substantially less than that fixed by the court's order. Relying on the law of the case doctrine, Supreme Court denied that portion of the Commissioner's motion. The Commissioner was subsequently granted permission to appeal by a Justice of this court (see, CPLR 5701 [c]).

Essentially, the Commissioner argues that two years after Supreme Court's 1979 order was issued, Public Health Law § 2810 (2) (b) was amended to provide that reimbursement for nonarm's length leases could not exceed the amount which would be reimbursable under the Medicaid program; however, before that amendment and at the time that the 1979 order was entered, Supreme Court was empowered to set a rental to be paid by the receiver at an amount higher than that reimbursed under the Medicaid program *(see,* Public Health Law § 2810 [2] [b], as amended by L 1981, ch 609, § 1). It is undisputed that the Legislature in 1981, by enactment of the amendment to Public Health Law § 2810 (2) (b), expressed its intention that facility rentals be kept at or below the Medicaid reimbursement level *(see, Matter of Schwartzberg v Axelrod,* 100 AD2d 694, 695); the 1979 order is at odds with this aim. That being so, the Commissioner concludes that the existing order should be modified to the extent of establishing a new fair monthly rental which does not exceed the amount reimbursable under the Medicaid program *(see,* Public Health Law § 2810 [2] [b]).

The Commissioner's motion to modify a nine-year-old, unappealed order, however, is nothing more than a motion to reargue; as such, it was required to have been brought within the statutory appeal period *(see, Migliaccio v Phoenix Ins. Co.,* 91 AD2d 821). As one noted authority aptly observed, when applicable law changes after the time for appealing or rearguing the original order has passed, even if the new law would now warrant a different result, the original order stands *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, at 158), unless the change explicitly applies retroactively *(see, e.g., Matter of Hodes v Axelrod,* 70 NY2d 364, 373).

Moreover, we note that Public Health Law § 2810 (2) (e) (i) (a) contemplates an 18-month time limit on the receivership and that this receivership is now in its 12th year. The time has long since past when the receiver's energy should be directed at winding down the receivership, not at perpetuating it. Because the relief the receiver requested contemplates continuation of the receivership rather than winding it down, this is yet another reason why the Commissioner's application was properly denied *(see, Matter of Schwartzberg v Axelrod,* 150 AD2d 955, 957 [where we considered "the extended period of time the Commissioner has continued to operate the facilities" in affirming Supreme Court's denial of another of the receiver's many requests for relief]).

Appeal dismissed, with one bill of costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.