*513 OPINION OF THE COURT
Bellacosa, J.
The issue is whether a court-appointed receiver, as part of an over-all settlement between two litigating shareholders of a close corporation, can privately negotiate a fee without court approval in an amount exceeding the scheduled máximums fixed by section 1217 of the Business Corporation Law. Our answer is no.
Alan Kane and Harold Freedman were each 50% shareholders of S.A.E. Motor Parts Co., Inc., a successful wholesale business with sales in excess of $1 million annually. Differences between the shareholders led to Kane’s action in January 1984 to dissolve the corporation pursuant to Business Corporation Law § 1104. Supreme Court promptly made an order which included the appointment of appellant Tenenbaum as receiver of the corporation’s assets and property, "with all the usual powers and duties,” requiring him also to "take and subscribe an oath to faithfully, honestly and impartially discharge the trust committed to him” (record on appeal, at 48).
By August 1984, the shareholders settled their differences on their own to the extent that Kane agreed to sell his shares to the corporation. They advised the receiver of their settlement. Kane, Freedman and Tenenbaum then entered into two agreements on August 22, 1984. The first was a stipulation, "so ordered” by Supreme Court, terminating the receivership. The second agreement — the one at issue before us now and never submitted to or approved by the court — waived a judicial settlement of an accounting by the receiver and allowed receiver Tenenbaum to pay himself the "settled” sum of $40,000 from the corporation’s funds for his commissions and expenses. It also provided for additional payments to the attorney and accountant selected by the receiver to provide professional services to him during the seven-month receivership, a period of which was stayed by the Appellate Division.
Freedman and the corporation in which he became sole shareholder subsequently moved in Supreme Court to rescind the fee agreement and sought leave to sue Tenenbaum to recover excessive commissions and damages. Supreme Court denied the relevant relief. In reversing, the Appellate Division *514 held that "[d]espite a stipulation of the parties, the court was without the authority to allow the receiver compensation in excess of the maximum receivership commission provided for by Business Corporation Law § 1217.” (132 AD2d 610, 611 [citations omitted].) That court added: "The Legislature has seen fit to set ceilings on the amounts that receivers, as court-appointed officers, may be awarded for their services and it is not within the province of parties to stipulate, nor within the discretion of the court to accept stipulations to a greater amount.”
The matter was remitted to Supreme Court, which then determined that the negotiated fee of $40,000 exceeded the statutory maximum ($11,285) by $28,715. Judgment for that excess sum plus interest was entered against Tenenbaum in favor of Freedman and the corporation. The Appellate Division affirmed the full judgment amount but modified to provide that it was payable only to the corporation. We granted the receiver’s motion for leave to appeal from the Appellate Division order insofar as it affirms the money judgment against him, and we review the prior nonfinal order holding that the Business Corporation Law § 1217 máximums exclusively control. We now affirm.
Business Corporation Law § 1217 provides:
"(a) A receiver shall be entitled, in addition to his necessary expenses, to such commissions upon the sums received and disbursed as may be allowed by the court, as follows:
"(1) On the first twenty thousand dollars, not exceeding five percent;
"(2) On the next eighty thousand dollars, not exceeding two and one-half percent; and
"(3) On the remainder, not exceeding one percent.
"(b) If the commissions of the receiver so computed do not amount to one hundred dollars, the court in its discretion may allow such sum not exceeding one hundred dollars as shall be reasonable” (emphasis added).
Appellant — a representative of the court itself — asserts that Business Corporation Law § 1217 does not apply and does not prohibit fixing his receivership commissions by private agreement. His argument pivots on the premise that Business Corporation Law § 1217 provides for limited maximum receiver’s commissions only "as may be allowed by the court”, but that private extrajudicial commission agreements, reached at "arm’s length,” are free of any statutory limitation or judicial *515 oversight. The premise is untenable, because this would allow a circumvention of the statute, and is self-contradictory, because as a court-appointed receiver he is the court’s direct agent and therefore legally incapable of being released and compensated without the court’s involvement.
A receivership is a creature of the court (see generally, Business Corporation Law art 12; CPLR art 64), "subject to the control of the court at all times” (Business Corporation Law § 1202 [b]), and functions in the place of and as the instrumentality of the court itself. As a special "officer of the court” (see, Copeland v Salomon, 56 NY2d 222, 228) with "fiduciary responsibilities” (see, Insurance Co. v City of New York, 71 NY2d 983, 985), the receiver acts solely on the court’s behalf (see, Matter of Schwartzberg v Whalen, 96 AD2d 974, 975) and is otherwise a stranger to the parties and their dispute. The corporation is the court’s ward and its property— the corpus of the receivership itself — cannot be diminished to the benefit of the receiver without the court’s approval. Appellant acknowledges that he is the court’s agent, not the parties’, and we therefore conclude he cannot punctuate the completion of his receivership duties with a private compensation arrangement beyond the statute and the glimpse and grasp of the indispensable ultimate principal — the appointing court.
Business Corporation Law § 1216 (a) provides "the receiver shall apply to the court for a final settlement of his accounts and for an order for distribution” and for prescribed fees. Appellant challenges the exclusivity of the governing fee schedule by urging that only proven fraud, duress or unconscionability can undo this privately negotiated deal. This argument fails. Parties resorting to the aid of the courts for the resolution of their privately intractable disputes and getting a receiver appointed to help them should not be limited by such high hurdles when challenging the receiver’s actions. The parties instead should be entitled to hold the receiver in such circumstances to the strict standards that the governing statute imposes (see, Meinhard v Salmon, 249 NY 458, 464). As this court noted more than a century ago: "It is a matter of public notoriety that the act of 1883 [predecessor of Business Corporation Law § 1217] was passed, in view of the scandals which had been set afloat, in respect to the administration of the affairs of insolvent corporations through receivers. * * * [I]t is, we think, reasonably clear that the object of the act was to supplement the existing legislation, in respect *516 to the winding up of the affairs of insolvent corporations, and to provide further restrictions and safe-guards against the misuse or depletion of corporate funds in the hands of the receivers.” (United States Trust Co. v New York, W. Shore & Buffalo Ry. Co., 101 NY 478, 486.) The passage of time and the solvency of the instant corporation have not diluted the potency or pertinency of this observation.
To allow the receiver to receive a commission higher than that allowed by the statute is contrary to its plain meaning and destroys the historic spirit and transcendent policy permeating that legislation (Business Corporation Law § 1217; see, e.g., La Vin v La Vin, 281 App Div 888, 889 [interpreting predecessor statute]; Salmon v Schenectady Mason Supply Corp., 278 App Div 609, 610; see also, Hirsch v Peekskill Ranch, 100 AD2d 863 [interpreting CPLR 8004]; Caso v Edgecombe Realty Corp., 25 AD2d 637 [same]; Rinaud v Home Shares Corp., 115 NYS2d 425 [Sup Ct, Bronx County, Matthew M. Levy, J.]).
Finally, our holding does not conflict with or diminish, as appellant argues, the policy favoring private settlements of disputes. For the reasons stated, that policy is not apt here and even if it were, it would be subordinated to the paramount policy reflected in the governing statute (see, Meinhard v Salmon, 249 NY, supra, at 464; see also, Birnbaum v Birnbaum, 73 NY2d 461, 466; Hudson v Yonkers Fruit Co., 258 NY 168, 173).
We have examined appellant’s other arguments and conclude they are without merit.
The order of the Appellate Division should be affirmed, with costs.
Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler taking no part.
Order affirmed, with costs.