■ In the Matter of BENJAMIN KATZ, Appellant. ISRAEL GOLDBERG, Respondent. [632 NYS2d 616] —In a proceeding to dissolve 3720 14th Avenue Realty Corp., the petitioner appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 23, 1994, which granted the motion of the receiver, Israel Goldberg, for settlement and approval of his account, and denied the petitioner's objections thereto.

Ordered that the order is affirmed, with costs.

The petitioner, Benjamin Katz, moved for dissolution of a corporation in which he was a 50% shareholder. His partner Yeshaya Weinstock held the remainder of the shares. The corporation's principal asset was a building located at 3720 14th Avenue, Brooklyn, N. Y. The Supreme Court appointed Israel Goldberg as receiver. The receivership was terminated when the partners reconciled and the petitioner withdrew his petition for dissolution. The Supreme Court thereafter granted Goldberg's motion to confirm his account and settle his commission. The petitioner now challenges the validity of the receiver's account, and argues that due to "gross mismanagement" the receiver should be denied his commission.

There is nothing in the record to support the petitioner's claim of gross mismanagement on the part of Goldberg. Neither does the record support the petitioner's accusation that Goldberg or the management company he hired either wasted assets or unfairly charged for their services (*cf., Coronet Capital*

*Co. v Spodek*, 202 AD2d 20; *Matter of Corcoran v Joseph M. Corcoran, Inc.*, 154 AD2d 671). Because Goldberg submitted evidence that the income received and expenses incurred were commensurate with the operation of the building, and because the petitioner has not submitted any evidence that such services were either not warranted or were inadequate, the Supreme Court's determination confirming the accounting and approving the receiver's commission will not be disturbed (*see, Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d 840). Additionally, because all of the expenses, including the management fee and the receiver's commission, were itemized in the accounting and were properly calculated as a percentage of the income generated during the time of the receivership, there was no need for a hearing to determine the propriety of these expenses (*see, Matter of Corcoran v Joseph M. Corcoran, Inc.*, 135 AD2d 531; *cf., Coronet Capital Co. v Spodek, supra*). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.