■ STEVEN L. GOLDMAN, Appellant, v DENNIS L. BERNARDINI et al., Respondents. PAUL CREDITOR, Nonparty Receiver. [667 NYS2d 390] —In an action, *inter alia,* to rescind a stock purchase pursuant to Business Corporation Law § 1202 (b) and CPLR 6405, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated January 29, 1997, which, *inter alia,* determined that the fees charged by the receiver were reasonable.

Ordered that the order is modified, on the law, by deleting the provision thereof which determined that fees charged by the receiver were reasonable; as so modified the order is affirmed, with costs to the plaintiff.

The plaintiff and the defendants were doctors and shareholders in a medical corporation in dissolution. Upon the plaintiff's motion, the court appointed a receiver for the corporation. During his tenure, the receiver paid himself fees which were admittedly in excess of the statutory limit (*see,* Business Corporation Law § 1217), contending that he performed the duties of a managing agent in addition to his duties as a receiver. The court approved these fees, and we now reverse.

The maximum compensation to be paid to a receiver is provided by statute (Business Corporation Law § 1217; *Matter of Kane [Freedman—Tenenbaum]* 75 NY2d 511, 515-516; *Hirsch v Peekskill Ranch,* 100 AD2d 863 [interpreting CPLR 8004]). Although the receiver would be entitled to reimbursement for necessary expenses, and, if necessary, could have hired a managing agent (*see, East Chatham Corp. v Iacovone,*

26 AD2d 433, 434), he was not entitled to receive a salary or commission for providing management services in addition to commissions permitted under the statute (*see, Hirsch v Peekskill Ranch, supra; Caso v 323 Edgecombe Realty Corp.,* 25 AD2d 637 [interpreting CPLR 8004]; *Siegel v Bromanbro Realty Corp.,* 23 AD2d 634; *cf., Salmon v Schenectady Mason Supply Corp.,* 278 App Div 609, 610). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.