■ AARON SELIGSON et al., Appellants, v ALBERT RUSSO et al., Respondents. [835 NYS2d 86]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered November 3, 2006, which granted plaintiffs' motion to renew and reargue and adhered to that part of the order, same court and Justice, entered February 21, 2006, directing that the fee of the receiver's tax counsel be borne equally by the parties,

unanimously affirmed, without costs. Appeal from the February 21, 2006 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In molding its decree to the necessities of the case (*see State of New York v Barone*, 74 NY2d 332, 336 [1989]; *Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d 13, 17 [1983], *appeal dismissed* 60 NY2d 859 [1983]), the motion court correctly perceived that, although the tax advice sought by the receiver related to the obligations of defendants as purchasers of the building he sold, the controversy over the transfer tax was generated by plaintiffs' strong opposition to defendants' position in the context of a protracted and contentious partnership dissolution. Since the receiver is an officer of the court, acts solely on its behalf and is otherwise a stranger to the parties' dispute, whether plaintiffs consented to the fee split is immaterial (*see Matter of Kane [Freedman—Tenenbaum]*, 75 NY2d 511, 515 [1990]; *Lubitz v Mehlman*, 95 AD2d 690, 691 [1983]). The imposition of sanctions against plaintiffs is unwarranted. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.