■ LINDA SALINE, Appellant, v RICHARD SALINE, Respondent. [851 NYS2d 618]—

In a matrimonial action in which the parties were divorced by judgment dated January 21, 2001, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Gartenstein, J.H.O.), entered May 2, 2006, as denied her motion to authorize the payment of an attorney's fee and property management fees from receivership assets, and granted those branches of the defendant's motion which were to direct her to pay the defendant for those and other unauthorized expenditures, to reject her accounting, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this contentious divorce action, the plaintiff was appointed receiver of several investment properties owned by the defendant. The plaintiff was explicitly directed by the Supreme Court to obtain authorization before obtaining the services of any other parties, such as an attorney or managing agent. The

plaintiff nevertheless proceeded to hire and pay an inexperienced property manager without court authorization, merely to collect rents from only a few tenants and to approve minor repairs on the properties. She also allowed one property to remain in foreclosure for more than a year before giving an exclusive listing to her property manager, selling the property far below market value, and paying a full broker's commission to her property manager even though he did not find the purchaser. She also engaged an attorney and paid an apparently excessive attorney's fee for the closing, also without court authorization. When the plaintiff finally provided an accounting of the receivership properties, she was unable to connect receipts for repairs with any particular property, admitted to commingling funds with her personal funds, and was unable to provide documentation to support the claimed expenses.

Given these facts, the court properly declined to approve the plaintiff's hiring and payment of a property manager and attorney without court authorization (*see* CPLR 5228 [a]; 6401 [b]; *Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d 13 [1983]). As receiver, the plaintiff was obligated to keep itemized accounts of the receivership estate (*see* CPLR 6404) and it is the receiver's burden to justify the accounting (*see Key Bank of N.Y. v Anton*, 241 AD2d 482, 483 [1997]). Given the plaintiff's inability to do so here, the court properly declined to approve the belated and incomplete accounting. Furthermore, in light of the overall evidence of the plaintiff's mismanagement of the receivership estate, the court properly surcharged her for fees, expenses, and financial damage caused by her mismanagement (*see Matter of Corcoran v Joseph M. Corcoran, Inc.*, 135 AD2d 531 [1987]). Considering the relative merit of the parties' positions, as well as the plaintiff's conduct, the court also properly awarded the defendant an attorney's fee (*see Chamberlain v Chamberlain*, 24 AD3d 589, 595 [2005]; *Bagnati v Bagnati*, 229 AD2d 369 [1996]; *Saasto v Saasto*, 211 AD2d 708 [1995]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.