■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v J. EZRA MERKIN et al, Defendants. JOSHUA M. BERMAN, Appellant, v DAVID B. PITOFSKY et al., Respondents. [1 NYS3d 55]—Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered January 23, 2014, which denied petitioner's application for leave to bring suit against the court-appointed receiver of a hedge fund, unanimously affirmed, without costs.

Consistent with the receiver's limited immunity pursuant to the court's appointment order, petitioner seeks to bring claims against the receiver for gross negligence and material breach of fiduciary duty (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 219-220 [2002]). However, the receiver owed no fiduciary duty to petitioner; his fiduciary duty was to the fund as a whole, not to any particular investor (*see Matter of Kane [Freedman—Tenenbaum]*, 75 NY2d 511, 515 [1990]). Nor did petitioner allege facts sufficient to make out a claim for gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821

[1993]). Petitioner cannot show that respondent, who acted at all times to maximize the benefit to the fund, was reckless with regard to petitioner's rights. In particular, respondent was obligated in negotiating the settlement with defendant Merkin to protect the fund, not petitioner. Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.