Title Guarantee and Trust Company, Plaintiff, *v.* Adlake Corporation and Others, Defendants.

Supreme Court, Queens County, October 2, 1936.

*Benjamin J. Rabin*, for the plaintiff and the Mortgage Commission of the State of New York.

*William J. McArthur*, for the United States Fidelity and Guaranty Company, surety.

*George Grau*, for the receiver.

Hooley, J. In this foreclosure action George Boehle was appointed receiver of rents. On May 27, 1936, he rendered and filed an intermediate account in which he set forth that he had made gross collections of $15,841.25, gross disbursements of $1,117.50, and had in his hands a net balance of $14,723.75. Said account was judicially settled and approved by an order of this court dated June 2, 1936. Said order directed the receiver to pay to himself $792.06 for commissions as receiver and to George Grau, the attorney for the receiver, the sum of $750 in compensation for his services rendered, and then directed that the balance of $13,181.69 be paid over to the city collector of the city of New York on account

of the arrears of taxes constituting a lien against the mortgaged property. The receiver thereafter, and without making any of the payments directed by the order, embezzled all of the funds in his hands and fled the jurisdiction. Thereafter a motion to punish him for contempt of court was granted, an order of commitment was issued, and an order was made removing the receiver and appointing a substituted receiver in his place and stead.

The present motion is made to obtain an order directing that the receiver be surcharged in the sum of $13,181.69. On the return day of the motion the surety on the bond of the receiver appeared and by an affidavit tendered payment of the full amount of the bond, to wit, $5,000, and requested this court to determine to whom the $5,000 should be paid and asked that it be discharged from further obligation as surety. On the return day of said motion the attorney for the receiver appeared and demanded that his fee as fixed by the court be paid out of the $5,000 and that the balance be turned over to the city collector. He maintained that the fees of the counsel for the receiver were an administrative expense and, therefore, entitled to preference. The attorney for the receiver further asks that the surcharge be made in the amount of $13,931.69.

The motion presents the question whether an attorney for a defaulting receiver may be compensated out of the proceeds of the bond when the amount of the bond is insufficient to cover the defalcation and, if he is entitled to be paid, whether he has a preference over others entitled to be reimbursed from the proceeds of the bond. All counsel before the court agreed that they had been unable to find any reported case in the State of New York dealing with the precise question here involved.

Section 1547 of the Civil Practice Act provides in part as follows: " A receiver, except as otherwise specially prescribed by statute, is entitled, in *addition to his necessary expenses*, to such commissions, not exceeding five per centum upon the sums received and disbursed by him, as the court by which, or the judge by whom, he is appointed allows."

The foregoing section is the statute which permits a receiver's attorney to be compensated. The reason, of course, for allowing a receiver his expenses is that no part of his commissions should be used for such expenses, thus reducing the compensation which the law allows to him. It is well settled that compensation may be denied a receiver who has grossly mismanaged the trust. (See High Receivers [4th ed.], p. 930, citing *Speiser* v. *Merchants' Exchange Bank*, 110 Wis. 506; 86 N. W. 243; *Dalliba* v. *Winschell*, 11 Ida. 364; 82 Pac. 107; *Pangburn* v. *American Vault, Safe & Lock*

Co., 205 Penn. St. 93; 54 Atl. 508; *State ex rel.* v. *Germanian Bank,* 103 Minn. 129; 114 N. W. 651; *United States National Bank* v. *National Bank of Guthrie,* 6 Okla. 163; 51 Pac. 119; *Nowell* v. *International Trust Company,* 169 Fed. 497.)

A receiver's attorney is not appointed by the court. He is selected by the receiver. The court has nothing to do with his selection. In this case no services of the attorney were of any aid to the estate. If the receiver's actions were such as to disqualify him for compensation, there is no reason in principle why he should be entitled to his expenses for counsel fees which the law granted to him so as not to diminish his commissions. An attorney who renders services for a receiver is in the same position as one who renders services for an ordinary client. He must look to the receiver for payment for his services. If, however, the receiver duly performed, the law allows payment out of the trust funds for his legal expenses by way of attorney's fees. If the receiver absconds, not only does he lose commissions for his own services but also the expenses by way of counsel fees that he has incurred. In this case the order directed the attorney to be paid $750 out of the funds *in the receiver's hands.* There are no funds apparently in the receiver's hands which are subject to the jurisdiction of this court. Furthermore, the order in question was granted upon the fraudulent representation of the receiver that he had in his hands $14,723.75 applicable to the payments directed by the court.

It has been held that where a receiver has grossly mismanaged the property in his possession, resulting in great loss to the estate, counsel fees will not be allowed. (See High Receivers [4th ed.], p. 958, citing *State Central Savings Bank* v. *Fanning Ball-Bearing Chain Co.,* 118 Iowa, 698; 92 N. W. 712.)

The receiver is surcharged for the full amount of his embezzlement. The surety company is directed to pay the $5,000 proceeds of the bond to the substituted receiver to be immediately applied on account of arrears in taxes. The claim of the attorney for the receiver is disallowed except that there may be incorporated in the order to be submitted a provision directing the docketing of a judgment against the receiver and in favor of his attorney in the amount of $750, the amount directed to be paid by the original order, pursuant to the provisions of rule 74 of the Rules of Civil Practice. Likewise the substituted receiver is entitled to an order directing the entry of a similar judgment for the amount due him.

Settle order on five days' notice.