■ 515 EAST 12TH STREET ASSOCIATES et al., Appellants, v JOSEPH GENTILE, Respondent. JOSEPH GENTILE, Respondent, v 515 EAST 12TH STREET, INC., et al., Appellants.—Order of the Supreme Court, New York County (Ethel Danzig, J.), entered on or about February 6, 1989, granting a motion by the temporary receiver, pursuant to CPLR 8004, to the extent of fixing his compensation at $4,000, with $3,000 to be paid by appellants 515 East 12th Street Associates and Morton Kriger, and with $1,000 to be paid by respondent Joseph Gentile, unanimously reversed, on the law and the facts, and the case remanded for a hearing to determine the value of services performed by the receiver and for other action consistent with this decision, without costs.

The captioned actions are two of at least four proceedings involving these parties growing out of a contract, entered into on December 7, 1983, for the sale of property located at 515 East 12th Street in Manhattan. Under the terms of the contract defendant-appellant 515 East 12th Street, Inc., the buyer, gave a purchase-money mortgage in the amount of $115,000 to Joseph Gentile, the seller. Defendant-appellant 515 East 12th Street, Inc. commenced the first action claiming that Gentile had fraudulently misrepresented that the prop-

erty contained two stores which were, in fact, occupied rent-stabilized apartments. The second action was brought by Gentile to foreclose on the purchase-money mortgage.

During the course of the protracted litigation, Gentile moved for appointment of a receiver of rents and profits from the premises. By order of the Supreme Court (Danzig, J.), on March 30, 1988 an attorney was appointed temporary receiver. However, on September 12, 1988, after all of the tenants were served with notice of the receiver's appointment and a management agent was appointed, but before any rents were collected by the receiver, the parties entered into a stipulation settling the cases.

By notice of motion dated October 4, 1988, the receiver sought an order fixing his compensation as temporary receiver at $6,000. In support of the motion the receiver alleged that services rendered by him included attending nine court conferences, several in aid of settlement, securing bonding and providing notice to tenants.

CPLR 8004 (b) provides that when, as in this case, no moneys are in the hands of the receiver upon termination of the receivership, the court may fix the receiver's compensation for services rendered and "may direct the party who moved for the appointment of the receiver to pay such sums, in addition to the necessary expenditures incurred by the receiver." However, special circumstances should be demonstrated before the burden of compensating the receiver in an amount above that collected by the receiver in rents and other proceeds from the property should be imposed. *(See, Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.,* 123 AD2d 840, 841 [2d Dept 1986], citing *Litho Fund Equities v Alley Spring Apts. Corp.,* 94 AD2d 13, 16 [2d Dept 1983]; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8004.04.)

Thus, the motion court erred in awarding receiver's fees without first holding a hearing to determine the value of the services rendered and the receiver's entitlement to fees for such services *(Precision Dynamics Corp. v 601 W. 26 Corp.,* 51 AD2d 907 [1st Dept 1976] [receivers' services were of "patent benefit to the premises"]).

The court further erred in directing appellants to pay a portion of said fees. Appellants at all times opposed imposition of such costs against them and it was the respondent who sought the receiver's appointment. (CPLR 8004 [b]; *Williams & Co. v Groveville Corp.,* 255 App Div 947 [1st Dept 1938].) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.