■ In the Matter of ROTRAUT L.U. BEINY, as Trustee of the Trust Created by ELIZABETH N.F. WEINBERG, as Grantor. MARTIN WYNYARD, Respondent, v ROTRAUT L.U. BEINY et al., Appellants, et al., Intervenor-Petitioner. MARTIN WYNYARD, Respondent, v ROTRAUT L.U. BEINY, Appellant. ANTIQUE COMPANY OF NEW YORK, Intervenor-Respondent.—Order, Surrogate's Court, New York County (Eve Preminger, S.), entered

May 28, 1992, which, *inter alia,* granted the petitioner's motion to hold the respondent Rotraut Beiny in contempt to the extent of finding that said respondent violated 1985 and 1986 restraining orders of the court, and provided for said respondent to purge herself of contempt by providing the petitioner with a list of all property and assets sold, transferred and disposed of by the "Lichtenstein trusts" and by causing said trusts to deposit the proceeds of any such sale, transfer or disposition in a New York City bank, and order of the same court and Surrogate, entered July 2, 1992, which, *inter alia,* granted the respondents Beinys' motion to renew, and, upon renewal, adhered to the terms of a November 8, 1991 order of the court, unanimously affirmed, with costs; and orders, Surrogate's Court, New York County (Marie Lambert, S.), entered on or about December 31, 1990, which (1) ordered the respondent Rotraut Beiny to reimburse the intervening petitioner Antique Company of New York the sum of $234,695.54 for legal fees paid to English counsel and the sums of $186,686.95 and $48,008.59 for costs and expenses of Melvyn Altman, the temporary receiver and (2) which directed The Antique Company of New York to pay said temporary receiver interim commissions of $333,198.04, unanimously reversed, on the law, and the matter is remitted to the Surrogate's Court for hearings to determine entitlement to and the reasonable value of services performed by English counsel and the temporary receiver, without costs.

This proceeding is a dispute between brother and sister, wherein the sister was the trustee of a trust created by their mother for the benefit of the brother and his family. The proceeding seeks judicial settlement of an accounting of two trusts, of which the petitioner Dr. Wynyard is a beneficiary, and his sister, the respondent Rotraut Beiny, was a trustee until June 1, 1989. The trusts own 45% of the shares of The Antique Company of New York, a corporation which owns and deals in antique porcelains and other objects of art.

The facts are set forth in our prior decisions *(Matter of Beiny,* 129 AD2d 126, *rearg denied* 132 AD2d 190, *lv dismissed* 71 NY2d 994).

The respondent Rotraut Beiny contends that the Surrogate erred in finding her in contempt of prior court orders pertaining to certain Lichtenstein trusts since she does not control the trustees of these trusts. However, the issue of control of these trusts was resolved in a prior proceeding resulting in a finding of contempt, which was affirmed by this Court, and we see no need to re-establish this point at a plenary hearing.

Although the identity of the trustees has changed since the time of entry of the prior order, the present record does not disclose how or why this was accomplished nor has the respondent provided any factual basis to suggest that the current trustees are any less susceptible to her influence. Her contention that law of the case cannot divest her of the right to a plenary hearing in a quasi-criminal proceeding is without merit since the analogous doctrine of collateral estoppel, while used sparingly outside the civil arena, is unquestionably applicable to criminal matters (see, People v Berkowitz, 50 NY2d 333; People v Aguilera, 185 AD2d 772).

With respect to the appeal from the award of fees and commissions to the temporary receiver and counsel hired by him, we find that the Surrogate erred in awarding such fees without first conducting a hearing to determine entitlement to such fees and the value of services rendered (515 E. 12th St. Assocs. v Gentile, 160 AD2d 187; Matter of Ronan Paint Corp., 97 AD2d 283, rearg granted and order vacated 98 AD2d 413). Moreover, on this sparse record, we are unable to ascertain which factors the Surrogate considered in arriving at the maximum statutory fee awarded to the receiver (Weckstein v Breitbart, 141 AD2d 347).

We have considered the parties' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman and Kassal, JJ.