■ LEO C. ALOI, Appellant, v LIZERIC REALTY CORP. et al., Defendants, and TREVOR WILSON, as Receiver, Respondent. [688 NYS2d 512] —Order, Supreme Court, New York County (Frank Lewis, S.R.), entered on or about March 4, 1997, which awarded, *inter alia,* $27,700 to the receiver as commission, to be satisfied by funds in his possession, unanimously modified, on the law, the receiver directed to turn over $27,700 in commissions taken and otherwise affirmed, without costs. Appeal

from order, Supreme Court, New York County (Paula Omansky, J.), entered on or about December 8, 1997, which denied the receiver's motion to confirm the Referee's report and the cross motion of plaintiff to vacate the Referee's report on the ground that the reference was "to hear and determine" such that no further action by the court was necessary, unanimously dismissed, without costs.

A receiver is not entitled to reimbursement for an agent's commissions in the absence of a court order authorizing the agent's employment (*Kitt v D.M.V. Estates*, 7 AD2d 291). Nor is the receiver entitled to receive a salary or commission for management services in addition to the commissions provided by CPLR 8004 (*Siegel v Bromanbro Realty Corp.*, 23 AD2d 634). However, the statute provides that in instances where there is no money in the hands of the receiver upon the termination of the receivership, the court may fix the receiver's compensation for services rendered and may direct the party who sought appointment of the receiver to pay such fees (*515 E. 12th St. Assocs. v Gentile*, 160 AD2d 187; *Long Is. Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d 840). Here, "special circumstances" exist, to wit, the work performed on the premises, the benefits plaintiff received, and the fact that Mr. Aloi, the previous plaintiff, agreed to the hiring of the managing agent, that demonstrate the "receivership was conducted with the utmost concern for the physical and economic preservation of the property" (*Sun Beam Enters. v Liza Realty Corp.*, 210 AD2d 153, 154). Therefore, the failure of the receiver to obtain judicial approval to compensate the managing agent in excess of the fee limit set forth in the order does not bar the exercise of discretionary authority based upon the existence of special circumstances.

However, while the receiver testified as to the nature of his duties, he failed to provide any documentary evidence in support of his fee (*New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses*, 151 AD2d 424, 425). Thus, it was error to award the receiver additional commissions. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.