On February 6, 1995, the infant plaintiff, Melanie Fassler (hereinafter the plaintiff), was injured when she slipped and fell in a roadway abutting a sidewalk in New City. The plaintiff alleges that the efforts of the defendant Town of Clarkstown to remove snow and ice from the sidewalk rendered the area more dangerous and, as a result, she was compelled to divert her path and walk in the adjacent street which was also icy. The Town admits that as a result of a storm commencing on February 3, 1995, it had ordered both the street and the sidewalk in question to be plowed, and that this was done on February 4. Under the circumstances of this case, there is a question of fact as to whether the Town's affirmative action exacerbated the natural hazard, and whether that was a proximate cause of the plaintiff's injuries (*see generally, Verdino v Alexandrou,* 253 AD2d 553; *Marrone v Verona,* 237 AD2d 805; *Jimenez v Cummings,* 226 AD2d 112). Accordingly, the Supreme Court properly denied the Town's motion for summary judgment.

The Town's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.

■ FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, v 65 LENOX ROAD OWNERS CORPORATION et al., Defendants. LENOX 65, INC., Intervenor-Respondent; HARRY HOROWITZ, Nonparty Appellant. [704 NYS2d 613] —In an action to foreclose a mortgage, the nonparty receiver, Harry Horowitz, appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered May 3, 1999, which is in favor of the intervenor and against him in the principal sum of $203,900.19. The notice of appeal from an order dated September 11, 1998, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The appellant was appointed the receiver of a building that was subsequently bought by the intervenor at a foreclosure sale. On a previous appeal, this Court sustained the interve-

nor's objections to the appellant's final accounting (*see, Cross-land Sav. Bank v 65 Lenox Rd. Owners Corp.,* 232 AD2d 520). The intervenor subsequently moved to compel the appellant to return his commission and certain funds which were the basis of its objections. The parties stipulated to refer the matter to a Referee to hear and report. The Referee scheduled a hearing at which the appellant failed to appear. Thereafter, upon the appellant's default, the Referee issued a report recommending that the appellant pay the intervenor the principal sum of $203,900.19. The intervenor then moved to confirm the Referee's report and the appellant cross-moved to disaffirm the report. The Supreme Court issued an order confirming the report and entered judgment thereon.

The Referee's decision not to hold a hearing was due to the appellant's default and not the Referee's failure to comply with CPLR article 43. Moreover, the Supreme Court, which was the ultimate arbiter of the dispute, had the power to reject the Referee's report and make new findings (*see,* CPLR 4403). Since the Supreme Court considered the appellant's evidence and arguments, the appellant was not prejudiced by the Referee's failure to hold a hearing (*see, Shultis v Woodstock Land Dev. Assocs.,* 195 AD2d 677; *see also, Adelman v Fremd,* 234 AD2d 488; *Stein v American Mtge. Banking,* 216 AD2d 458).

It is well settled that compensation may be denied to a receiver who has grossly mismanaged the property entrusted to him or her (*see, Matter of Corcoran v Joseph M. Corcoran, Inc.,* 135 AD2d 531; *Title Guar. & Trust Co. v Adlake Corp.,* 161 Misc 27). In addition, the appellant here commingled receivership funds with his personal funds, which is a serious breach of a receiver's fiduciary duties, and warrants denying the appellant any compensation.

The appellant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.