■ DAVID REALTY AND FUNDING, LLC, Appellant, v SECOND AVENUE REALTY Co. et al., Appellants, et al., Defendants. JAY G. SEIDEN, Nonparty Respondent. [788 NYS2d 371]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 3, 2004, which, to the extent appealed from, denied the motion by plaintiff and the realty defendants challenging the Special Referee's report of September 18, 2003, insofar as it awarded commissions to the court-appointed receiver as well as fees to his own law firm, the accounting firm he hired, and the law firm he hired to represent him in the final accounting, and also awarded fees to the managing agent, unanimously affirmed, without costs.

The receiver, Jay Seiden, did not violate the IAS court's 1997 "termination" order directing him to cause his attorneys and accountants to cease any further work with respect to the property in question, apart from the final accounting. Although Seiden hired the accounting firm of Friedman, Alpren & Green to prepare the final accounting, as well as the law firm of Gaffin & Mayo to represent him in connection with that accounting after issuance of the termination order, his actions were taken in furtherance of the court-directed final accounting. Seiden did precisely what the court directed him to do, ceasing all further duties with respect to the property, apart from the final accounting.

Justice Goodman correctly approved, nunc pro tunc, Seiden's

engagement of the Gaffin & Mayo firm because outside counsel was necessary, given the protracted hearings that covered 20 days, and the parties' demonstrated animosity toward Seiden throughout the final accounting process. Moreover, special circumstances warranted nunc pro tunc authorization for retaining Gaffin & Mayo, in light of the fact that the firm's representation of the receiver in the final accounting greatly facilitated that process (*Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d 13 [1983], *appeal dismissed* 60 NY2d 859 [1983]; *see Aloi v Lizeric Realty Corp.*, 260 AD2d 192, 193 [1999]).

Appellants' argument that Seiden should disgorge the fees paid to the accounting firm because the IAS court had directed in the termination order that he do the accounting, and not use an independent accountant, is unavailing. The pertinent language of that order indicates a preference for Seiden to do the accounting based on his ability as an attorney in this field. However, the IAS court did not unequivocally forbid Seiden from hiring an accountant to help him complete the final accounting.

Any violations of the Rules of the Chief Judge (22 NYCRR part 36) in Seiden's appointments of the AIB managing agent, the accountant and the law firm did no perceivable harm to the estate, and did not warrant a finding that Seiden would not be entitled to any commissions or fees. In fact, Seiden did not act completely without court approval here, given that he was appointed despite not being on the court-approved list of receivers, and it was the appointing judge who granted his motion for permission to retain his own law firm to act as receiver's counsel. Whatever technical rule violations there may have been did not rise to the level of gross mismanagement or serious breach of fiduciary duty warranting denial of fees or commissions (*see Matter of Corcoran v Joseph M. Corcoran, Inc.*, 135 AD2d 531 [1987]; *cf. Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp.*, 270 AD2d 303, 304 [2000]). Furthermore, the Seiden firm's fees should not be deducted from Seiden's receivership commission because the firm performed extensive special and extraordinary legal services (e.g., successfully prosecuting a tax certiorari case and litigating an attempted special assessment by the defendant Board of Managers), which extended well beyond the customary legal duties connected with a receiver's tenure (*cf. Strober v Warren Prop. Co.*, 84 AD2d 834, 836 [1981]).

Contrary to appellants' contentions, Seiden should not be disqualified from receiving commissions for failure to comply with various provisions of the March 1996 order of appointment,

such as failing to keep the mortgaged premises properly insured, failing to pay taxes as they came due and failing to pay the common charges in a timely fashion. Such failures were de minimis. Seiden's delay in procuring fire and liability insurance caused no harm to the estate, and he did pay the common charges, albeit not on the first day of each month as the realty defendants had done. Given the financial situation of the receivership and the fact that his decision not to pay property taxes did not result in any discernible damage to the estate, Seiden should not have been disqualified from receiving his commissions. Concur—Buckley, P.J., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.