■ SANJEEV MAGO et al., Respondents, v KOMAL THAKUR et al., Defendants. THE LAW FIRM OF RAVI BATRA, P.C., et al., Nonparty Appellants. [972 NYS2d 313]—

In an action to recover damages for personal injuries, etc., the nonparties The Law Firm of Ravi Batra, P.C., and Ravi Batra appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered August 23, 2011, as granted that branch of the plaintiffs' motion which was to direct the release to the plaintiffs of certain settlement funds held in an escrow account and denied those branches of the cross motion of the Law Firm of Ravi Batra, P.C., which were (a) to direct the payment of a certain sum of money from the settlement funds to it as legal fees or, in the alternative, for a fee hearing, and (b) pursuant to CPLR 5015 (a) to vacate an order of the same court entered March 24, 2010, which directed, inter alia, the release and distribution of portions of the settlement funds held in escrow by the guardian and litem.

Ordered that the appeal by the nonparty Ravi Batra is dismissed, as that nonparty is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was to direct the release to the plaintiffs of certain settlement funds held in an escrow account, (2) by deleting the provision thereof denying that branch of the cross motion of the Law Firm of Ravi Batra,

P.C., which was pursuant to CPLR 5015 (a) to vacate an order of the same court entered March 24, 2010, and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof denying that branch of the same cross motion which was to direct the payment of a certain sum of money from the settlement funds to it as legal fees or, in the alternative, for a fee hearing, and substituting therefor a provision granting that branch of the cross motion to the extent that a fee hearing shall be held and thereafter a determination shall be made as to the amount of the fee, if any, due the Law Firm of Ravi Batra, P.C., and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the Law Firm of Ravi Batra, P.C., with costs to the Law Firm of Ravi Batra, P.C., and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The Law Firm of Ravi Batra, P.C. (hereinafter the Batra Firm), represented the plaintiffs Sanjeev Mago and Anu Mago, individually and as parents of Shreya Mago and Manu Mago, in the instant action arising from a motor vehicle accident in which the plaintiff Sanjeev Mago and his daughter Shreya Mago sustained devastating personal injuries. The Batra Firm and the plaintiffs entered into a detailed retainer agreement which provided, in part, that the Batra Firm would be compensated on "a 1/3 contingency basis to reduce, modify or even vacate" certain Medicaid liens.

The Batra Firm successfully negotiated a settlement in the sum of $5,458,832 on behalf of the plaintiffs. However, certain Medicaid liens which had been asserted against the proceeds of the settlement remained unsatisfied. Accordingly, the Supreme Court issued an infants' compromise order, which provided, inter alia, that the sum of $1,785,023.60, representing the aggregate of the Medicaid liens asserted, was to be held in escrow in an interest bearing account by a guardian ad litem (hereinafter the Escrow Fund). The infants' compromise order reflected that no disbursements would be made from the Escrow Fund without further court order, and noted that the plaintiffs' counsel intended to modify and/or vacate the "alleged" Medicaid liens.

Thereafter, the plaintiffs, in effect, dismissed the Batra Firm as counsel and retained the firm of Davis & Hersh, LLP, which later became known as Davis & Ferber, LLP (hereinafter the Davis Firm), to represent them with respect to the reduction of the Medicaid liens. Following a dispute regarding a retaining lien on the plaintiffs' litigation papers and files in the Batra

Firm's possession, the Davis Firm moved to direct the Batra Firm to provide the Davis Firm with its file, and to set the matter for a hearing to determine the amount, if any, of the fees due to the Batra Firm. The Davis Firm thereafter sought to withdraw its motion for a fee dispute hearing. The Supreme Court permitted the motion to be withdrawn, and directed the Davis Firm to "notify" the Batra Firm when it reached a settlement with respect to the Medicaid liens.

In a letter dated July 23, 2009, the Davis Firm advised the Batra Firm that it had reached a settlement with respect to the Medicaid liens. Thereafter, on notice to the guardian ad litem only, the plaintiffs moved for permission to release the Escrow Fund. It is undisputed that the Batra Firm was not given notice of this motion. In an order entered March 24, 2010, the Supreme Court granted the plaintiffs' motion to the extent that it directed, inter alia, that the Escrow Fund, which then totaled $2,096,007.20, be held by the guardian ad litem, subject to the continuing jurisdiction of the Court, until terminated, and directed that from that sum, $7,500 be paid to the Davis Firm as a legal fee, $300,000 be paid to satisfy the Medicaid liens, and $235,899.02 be held in an "interest bearing escrow account for the benefit of [the plaintiffs] representing the legal fees disputed" by the Batra Firm (hereinafter the Fee Fund).

Subsequently, the plaintiffs moved, inter alia, to direct the release to them of $235,899.02, representing the sum the Supreme Court delineated as the Batra Firm's disputed legal fee, held in the Fee Fund. The Batra Firm cross-moved, inter alia, (a) to direct the payment to it of fees in the amount of $626,262.96, or, in the alternative, for a fee hearing, and (b) pursuant to CPLR 5015 (a) to vacate the order entered March 24, 2010. The Supreme Court granted that branch of the plaintiffs' motion which was to direct the release to them of the sums held in the Fee Fund and denied the Batra Firm's cross motion.

CPLR 5015 (a) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of," inter alia, excusable default, fraud, misrepresentation, or other misconduct of an adverse party, or lack of jurisdiction to render the judgment or order (see CPLR 5015 [a] [1], [3], [4]). In addition, the court has an inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Galasso, Langione & Botter, LLP v

*Liotti*, 81 AD3d 884, 885 [2011]). Here, it is undisputed that the Batra Firm did not receive notice of the motion that resulted in the order entered March 24, 2010. The Batra Firm was entitled to such notice. Accordingly, the Supreme Court erred in denying that branch of the Batra Firm's cross motion which was pursuant to CPLR 5015 (a) to vacate the order entered March 24, 2010.

Further, under the circumstances of this case, the Supreme Court erred in granting that branch of the plaintiffs' motion which was to direct the release to the plaintiffs of the sums held in the Fee Fund, and denying that branch of the Batra Firm's cross motion which was, inter alia, for a fee hearing. The court should have determined the amount of the fee, if any, due the Batra Firm after a hearing, rather than summarily denying, in total, the amount of compensation (*see generally Byrne v Leblond*, 25 AD3d 640 [2006]).

Accordingly, we remit this matter to the Supreme Court, Queens County, for a hearing to determine the amount of the fee, if any, due the Batra Firm, and thereafter, a determination of the amount of the fee, if any, due the Batra firm, and a new determination of that branch of the plaintiffs' motion which was to release to the plaintiffs certain settlement funds held in an escrow account. By virtue of our determination that a hearing is necessary, we do not express a view as to whether or not a fee is due the Batra Firm.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.