OPINION OF THE COURT
Emily Pines, J.
Following the court’s May 24, 2013 order discharging the court-appointed Receiver in this commercial foreclosure action, the court opened this closed proceeding based upon information, confirmed by the Appointment Processing Unit of the Office of Court Administration (OCA), that Richard Bellando, who was retained by the Receiver based upon a notice of appointment to serve as property manager of the premises at issue and whose compensation was part of the order approving the Receiver’s final accounting, was ineligible for appointment to that position. Information supporting that conclusion was set forth in Mr. Bellando’s “Application For Appointment Pursuant To Part 36 Of The Rules Of The Chief Judge” (court’s exhibit 1) dated July 1, 2011. A review of the application itself reveals that Mr. Bellando was prohibited from receiving appointments pursuant to part 36 of the Rules of the Chief Judge (22 NYCRR) from the moment that he applied therefore. For that reason, the court issued an order dated October 1, 2014, directing the parties that stipulated to the Receiver’s entire accounting, i.e., the Receiver and the attorney for the plaintiff mortgage holder that consented to the payment of Mr. Bellando’s fees, to appear before the court on October 15, 2014, and show cause why the court should not vacate that portion of its discharge and accounting approval order which approved compensation to Mr. Bellando. A copy of the court’s order dated October 1, 2014 was sent to Mr. Bellando so that he and/or counsel on his behalf could appear on October 15, 2014, if they wanted to participate in the reopening of the proceeding. However, neither Mr. Bellando nor anyone on his behalf appeared before the court on October 15, 2014.
*895 On October 15, 2014, the following issue was placed before the Receiver and counsel for plaintiff, the only party that remained in this action. Part 36 of the Rules of the Chief Judge applies to certain persons or entities that perform services for receivers, including property managers (22 NYCRR 36.1 [a] [10] [v]). Section 36.2 (a) specifies that [a]ll appointments of the persons or entities set forth in section 36.1 ... , including those persons or entities set forth in section 36.1(a)(10) . . . who perform services for . . . receivers, shall be made by the judge authorized by law to make the appointment.” Section 36.2 (b) (1) instructs the appointing judge to make such fiduciary appointments from the “appropriate list of applicants established by the Chief Administrator of the Courts.” Upon a finding of good cause, that same section authorizes appointment of a person or entity not on the approved list of applicants (§ 36.2 [b] [2]). However, section 36.2 (c) sets forth specific disqualifications from all categories of appointment under part 36. Section 36.2 (c) (4) (i) states, in relevant part: “No person who is the chair or executive director, or their equivalent, of a State or county political party . . . shall be appointed while that official serves in that position and for a period of two years after that official no longer holds that position.”
Mr. Bellando’s application for appointment (court’s exhibit 1) is dated July 1, 2011 and is stamped “RECEIVED” by the Office of Court Administration on August 30, 2011. On September 14, 2011, the Appointment Processing Unit of the Division of Administrative Services of the Office of Court Administration issued a letter to Mr. Bellando acknowledging receipt of Mr. Bellando’s application for appointment, providing him with a fiduciary ID number (613966), and stating his eligibility for appointments as property manager in Nassau and Suffolk Counties as of September 12, 2011.
Despite the foregoing, a review of the application for appointment shows that on page 6 Mr. Bellando signed an affirmation under penalty of perjury affirming, among other things, that “I am QUALIFIED to file this application because I AM NOT: . . . d. a person who currently serves, or who has served within the last two years ... as chair, executive director, or the equivalent, of a state or county political party.”
As required, Mr. Bellando attached his resume to his application for appointment. Mr. Bellando’s resume sets forth under the heading “INVOLVEMENT AND RECOGNITION,” “Nassau County Independence Party, Executive Director 2011-present.”
*896 On February 27, 2012, the date the court was notified by the Receiver that Mr. Bellando was being retained as property manager by the Receiver, Mr. Bellando was on OCA’s list of qualified applicants for appointment as property manager. The court was not aware at that time nor until it learned in September 2014 that, notwithstanding the OCA’s approval of Mr. Bellando’s application for appointment, he was in fact disqualified from appointment pursuant to section 36.2 (c) (4) (i) because, as reflected on his resume, he was the executive director of the Nassau County Independence Party. Therefore, upon learning of Mr. Bellando’s disqualification from appointment, the court raised the issue to the Receiver and counsel for plaintiff to explain to the court why Mr. Bellando’s appointment was not void ab initio.
The court has received a letter from plaintiffs counsel (court’s exhibit 4) and a memorandum of law from the Receiver (court’s exhibit 3). Both also made arguments on the record before the court. Counsel to plaintiff set forth that his client not only selected the Receiver based upon plaintiffs experience with the Receiver in a prior action, but also approved all of the work performed by and fees sought by Mr. Bellando as property manager. The letter dated October 14, 2014 from plaintiff’s counsel states, in relevant part:
“My client was more than satisfied with the services performed by the property manager, whose activities were properly supervised by the receiver and fully disclosed to my client. In short, the entire process was transparent and the protection sought by my client during the foreclosure process was achieved. As the Court is aware, my client stipulated to the final accounting submitted to the Court.” (Court’s exhibit 4.)
With regard to the disqualification of Mr. Bellando from appointment, the letter from plaintiffs counsel states:
“My client has now been fully advised of all these matters. I wish to advise the Court that my client seeks no return of any of the fees or expenses paid to and earned by the property manager. My client . . . believes that the fees paid to the property manager were consistent with [the] agreement and properly earned.” (Court’s exhibit 4.)
The Receiver argues both that there is no requirement within part 36 that appointment of a property manager be accomplished only by court order and that prevailing case law sets forth that *897 even where there exists a violation of part 36, where such results in no perceivable harm to the estate, it does not rise to the level of serious breach of fiduciary duty warranting a denial of fees. (See David Realty & Funding, LLC v Second Ave. Realty Co., 14 AD3d 450 [1st Dept 2005].)
As the court set forth on the record on October 15, 2014, it is the court’s interpretation of part 36 that, although the court can consider the recommendation of a receiver in making appointments of persons or entities to perform services for receivers, section 36.2 (a) instructs that “[a]ll appointments of the persons or entities set forth in section 36.1 . . . , including those persons or entities set forth in section 36.1(a)(10) . . . who perform services for . . . receivers, shall be made by the judge authorized by law to make the appointment.” Accordingly, it is the court’s belief and holding that a notice of appointment by the Receiver, although permissible as a request under part 36, requires a subsequent court order to be effective. As the court set forth at the hearing, upon learning of the lack of such an order, the court proceeded to open the process by having the Fiduciary Clerk send a notice of appointment and a certification of compliance with part 36, as required by section 36.4 (a) (1), to Mr. Bellando, so that the court could issue an order appointing Mr. Bellando nunc pro tunc. That is precisely the kind of act that is permitted in David Realty, cited by the Receiver. It was only after those forms were sent to Mr. Bellando by the Fiduciary Clerk that the court received a copy of his application for appointment and learned, based thereon, of his disqualification from appointment. It then became clear to the court that Mr. Bellando was specifically disqualified from appointments by the court under part 36 in actions such as this. Therefore, the court believes that the nunc pro tunc appointment order would be prohibited. In this vein, the court examined whether the order which approved the Receiver’s final accounting, which clearly set forth the amounts and dates of payments to Mr. Bellando as well as the fact that his fees were listed under the category of “Receiver fee,” should be vacated in part to the extent that it approved the payments made to him.
The key to the court’s determination of this issue requires some discussion of a court’s right to reopen a closed action or proceeding and, when it does so, the extent of its authority to alter an existing final order. The court notes that it has been told and understands that the work charged for by Mr. Bellando to the plaintiff was both performed and stated to be ac *898 complished in a satisfactory manner. It is the court’s belief that based on the fact that the only monies transferred were those of the mortgage holder and did not involve any public funds, this demonstrates that there was no harm to the payor nor any inequitable result vis-a-vis the party that made the payments. However, the court itself is bound to uphold the part 36 rules and, unlike a case where a particular appointee is not on a list or no reason for his/her or its retention has been set forth, Mr. Bellando falls within a different category, i.e., someone who is and was specifically prohibited from fiduciary appointments. Thus, while Mr. Bellando and the plaintiff could easily work together pursuant to their agreed upon terms under a private contract, there is not the same ability where they involve the court in appointments within the context of a lawsuit such as the one herein.
What is particularly interesting is the effect of the plaintiffs refusal to ask the court to order the return of the funds paid to a person disqualified from acting in the capacity described. It is clear that upon the motion of a party to a proceeding, the court has the inherent power to vacate its own judgment after such has been closed, in the interest of justice as well as on the grounds set forth in CPLR 5015. (Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002 [2d Dept 2012].) CPLR 5015 provides that “[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of,” among other things, “excusable default,” “fraud, misrepresentation, or other misconduct of an adverse party” or “lack of jurisdiction to render the judgment or order” (CPLR 5015 [a] [1], [3], [4]). A court also has an inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice. (See Mago v Thakur, 110 AD3d 683 [2d Dept 2013].) In each of these cases and, indeed, in all the actions setting forth these general principles, a party or interested person has made a motion to set aside the subject order or judgment.
On the other hand, trial courts have very limited authority to vacate their own judgments sua sponte, without a motion by an interested party. “ ‘A trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment’ ” (Merriwether v Osborne, 66 AD3d 851, 852 [2d Dept 2009], quoting Adams v Fellingham, 52 AD3d 443, 444-445 [2d Dept 2008]). Such prohibition is, however, not all encompassing. Where a *899 trial court has found an order or judgment that contains an irregularity or defect or mistake, it has the authority to make such correction as long as it does not affect a substantial right of a party to the action/proceeding. (Adams v Fellingham, 52 AD3d at 444.)
Based upon the above, the court finds that its options are limited by the existing law. For its own reasons, the plaintiff has specifically declined to move to seek a court order requiring that Mr. Bellando refund compensation paid to him in violation of part 36 of the Rules of the Chief Judge. Under such circumstances, this court has no power to require the plaintiff to so move, in the context of the closed commercial foreclosure action, without violating the principles set forth above. Thus, without a motion by plaintiff to require Mr. Bellando to repay the funds, an order essentially forcing plaintiff to make such a request is simply not within the court’s authority.
The court does, however, have the authority to correct the mistake and defect contained within its May 24, 2013 order approving the final accounting in this action to the extent that such approval has the effect of lending the court’s imprimatur to payments made to an appointee under part 36 who was specifically prohibited by part 36 from acting in such capacity. Based upon the finding of this court that Mr. Bellando was disqualified from appointments made under part 36; was prohibited from seeking and/or accepting an appointment in such capacity; was prohibited from acting as a property manager in a court proceeding in this state; and was prohibited from charging for and receiving compensation for his work as a part 36 fiduciary, the approval of all such payments as contained within the May 24, 2013 final accounting order to Mr. Bellando is hereby vacated.
As amended, the remaining portions of the May 24, 2013 order are confirmed, based upon the clear statements on the record by plaintiffs counsel that all the work paid for and reflected in the Receiver’s final accounting was done and performed in a manner found satisfactory by plaintiff. This confirmation is also based upon the statement at the October 15, 2014 hearing by the Receiver that with the exception of the Receiver, counsel to the Receiver and the real estate broker, all of whom were appointed by court order and were compensated in their roles as fiduciaries and were both eligible at the time of their respective applications to the Office of Court Administration and properly placed on the OCA fiduciary lists, none of the other entities *900 listed within the final accounting, each of which is listed as a corporate entity, served in any of the fiduciary capacities listed in section 36.1 (a) (10).