Vogel v Vogel (2019 NY Slip Op 03548)





Vogel v Vogel


2019 NY Slip Op 03548


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9236 112665/08

[*1]Winston D. Vogel, Plaintiff-Appellant,
v
Ruth Vogel, also known as Ruth Vogel Lipkis, Defendant. 
Lisa Breier Urban, Nonparty Respondent.


Doron Zanani Law Office, New York (Doron Zanani of counsel), for appellant.
Kossoff, PLLC, New York (Matthew E. Eiben of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered March 10, 2018, which, insofar as appealed from as limited by the briefs, awarded nonparty Lisa Breier Urban a commission of $10,000 as receiver and compensation of $750 as successor referee, nonparty Miriam Breier (the original referee) compensation and disbursements of $3,869.66, and nonparty Kossoff, PLLC (Urban's firm) attorneys' fees and disbursements of $8,372.95, and directed that the above sums be paid out of the proceeds from the sale of plaintiff's share of a condominium unit, unanimously modified, on the law, to modify the commission award to Urban as receiver to $7,162.50, to vacate the award to Kossoff, and to direct that defendant pay the first $15,000 of Breier's and Urban's fees and that the parties equally bear any amount over $15,000, and otherwise affirmed, without costs.
The order awards the amounts listed above without explanation. Apparently, the court issued a decision on the record on March 13, 2018, but the transcript is not part of the record. By submitting an invoice, which showed her time entries, Urban established that she performed receiver-related services worth $7,162.50, which should be the commission awarded to her.
The award of $3,869.66 to Breier (the original referee) was proper. CPLR 8003(a) permits the court "to set a Referee's fees beyond the statutory rate" (Garay v Soling, 169 AD2d 616, 618 [1st Dept 1991], clarified on other grounds 172 AD2d 342 [1st Dept 1991]). Breier submitted an invoice from which one can determine the work she performed and the expenses she incurred. Plaintiff does not claim that Breier's hourly rate was unreasonable or that her hours were excessive.
The award of $750 to Urban as successor referee was also proper. The June 2015 order appointing Urban as successor referee directed her to "prepare and file . . . a final report and application for the payment of all fees and disbursements incurred to date by [her], including all fees and disbursements previously incurred by . . . Breier." Kossoff's invoice shows that Urban performed $1,190 worth of referee-related (as opposed to receiver-related) tasks.
Kossoff (as opposed to Urban) was not entitled to an award. The Rules of the Chief Judge provide, "No receiver . . . shall be appointed as . . . her own counsel, and no person associated with a law firm of that receiver . . . shall be appointed as counsel to that receiver . . . unless there is a compelling reason to do so" (22 NYCRR 36.2[c][8]). Unlike the situation in David Realty & Funding, LLC v Second Ave. Realty Co. (14 AD3d 450 [1st Dept 2005]), Urban did not move for permission to retain her own law firm. Even if the court had appointed Kossoff as Urban's counsel, Kossoff would not be entitled to compensation, because the services it rendered were not extraordinary in any sense (see Strober v Warren Prop. Co., 84 AD2d 834, 836 [2d Dept 1981]; Rules of the Chief Judge [22 NYCRR] § 36.4[c][4] ["Appointees who serve as counsel to a . . . receiver shall not be compensated as counsel for services that should have been performed [*2]by the . . . receiver"]). Unlike the law firm in David Realty, Kossoff did not "perform[] extensive special and extraordinary legal services . . . which extended well beyond the customary legal duties connected with a receiver's tenure" (14 AD3d at 451). On the contrary, the tasks for which Kossoff billed (e.g., recording the correction deed, preparing and recording a receiver's deed, and disbursing part of the proceeds from the sale of plaintiff's interest in the condominium unit to pay his former counsel) are exactly the tasks that the court appointed Urban — a lawyer — to perform.
Pursuant to the settlement agreement between the parties, defendant is responsible for the first $15,000 of Breier's and Urban's fees, and the parties shall bear any amount over $15,000 in equal shares. Urban lacks standing to argue that the settlement agreement was modified, because that argument will benefit defendant (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991]). Even if we were to consider the argument, we would find it unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK